**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4391

DARRELL ADDAIR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4394

WAYNE ADDAIR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4480

WAYNE ADDAIR,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-140)

Submitted: November 30, 1998

Decided: December 31, 1998

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara H. Allen, Michael C. Allen, ALLEN & ALLEN, Charleston,
West Virginia; Steven L. Miller, Charleston, West Virginia, for
Appellants. Rebecca A. Betts, United States Attorney, Stephanie D.
Thacker, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrell Addair ("Darrell") appeals from his convictions for viola-
tions of the Federal Mine Health and Safety Act ("Act"), see 30
U.S.C. § 820(d), (f) (1994). Specifically, Darrell was convicted of
willfully allowing the continued use of mining equipment that needed
repair, see 30 U.S.C. § 865(g) (1994), falsifying entries in the electri-
cal inspection book (Count 2), see id., and falsifying entries in the
ventilation inspection book (Count 4), see 30 U.S.C. § 863(a) (1994).
Wayne Addair ("Wayne") appeals from his conviction and twenty-
four-month sentence for falsifying training certificates (Count 5), see
30 U.S.C. § 825(a) (1994). The Addairs raise numerous issues on
appeal, none of which have merit. Accordingly, we affirm Darrell's
convictions and Wayne's conviction and sentence.

First, the Addairs challenge their convictions on the ground that the
district court erred by denying their motions for judgment of acquittal
under Fed. R. Crim. P. 29.* We review the district court's decision

_____

*Although the Government contends that Wayne Addair's appeals
were untimely filed, we find that they are timely. In criminal cases, a

2

to deny a motion for judgment of acquittal de novo. See United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). Where, as here, the motion is based on insufficient evidence, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, 117 S. Ct. 1087 (1997); Glasser v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

Taking the evidence in the light most favorable to the Government, see id., we find that the evidence was sufficient to convict Darrell of allowing unsafe mining equipment to remain in operation. See Burgos, 94 F.3d at 862. Many of the Addairs' employees testified that the remote disengage device on the continuous miner had been inoperable for several weeks prior to the fatality at the mine and that the continuous miner was operating with the manual device. While using the manual device, the augers on the continuous miner repeatedly came out of gear and slowed production. To maintain production, wedges were used to keep the augers engaged. Employees testified that Darrell knew the wedges were being used because he was present

_____

defendant must file his notice of appeal within 10 days of the entry of judgment. See Fed. R. App. P. 4(b). After the jury rendered its verdict, Wayne timely moved for judgment of acquittal and a new trial. Because these motions were pending, Wayne's notice of appeal from the judgment of conviction was ineffective until the court entered its order disposing of the post-judgment motions. See id. On the date the court decided the post-judgment motions, the notice of appeal became effective and was timely filed. Moreover, although Wayne's notice of appeal from the order denying the post-judgment motions was filed beyond the 10-day appeal period, "a valid notice of appeal is effective without amendment to appeal from an order disposing of any of the [post-judgment] motions." Id. Because no new notice of appeal had to be filed to appeal from the denial of the post-judgment motions, the fact that one was filed twelve days after the court entered its order does not divest this court of jurisdiction.

3

when they were placed in the continuous miner. We find this evidence sufficient to convict. See id.

Darrell next contends that the evidence was insufficient to convict him of falsifying the electrical and ventilation inspection books. Testimony at trial disclosed that Jack Bolden completed the electrical and ventilation inspection books until he resigned from the mine on January 17, 1992. Bolden testified that he did not complete the January 20 to 24 entries in the books. Moreover, a handwriting expert testified that neither the information nor the signatures in the entries could be attributed to Bolden or Wayne. The expert found that the information written on the pages was in Darrell's handwriting, but he could not say definitively that the signatures were Darrell's because the signatures appeared to be laboriously prepared, as if they had been traced. The expert testified, however, that the signatures had common characteristics with Darrell's handwriting sample. On these facts, a rational trier of fact could find the essential elements beyond a reasonable doubt. See Burgos, 94 F.3d at 862.

Wayne also challenges the sufficiency of the evidence to convict him of falsifying training certificates. Many of the Addairs' employees testified that Wayne called them and other miners to the mine office to sign training certificates for which they had not attended any annual refresher or newly employed experienced miner training. Because the miners did not receive the training required by the Act and because Wayne did not maintain the proper certificates, the evidence was sufficient to convict. See Burgos, 94 F.3d at 862.

While Darrell and Wayne provide different explanations for what transpired and challenge the Government's use of circumstantial evidence, it is well established that we may not review the credibility of witnesses or weigh the evidence. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). When viewed in the light most favorable to the Government, the evidence was sufficient. See Burgos, 94 F.3d at 862.

Second, the Addairs challenge the district court's admission of Luther Greenwall's plea agreement. Wayne challenges the district court's admission of a training certificate and of testimony regarding an unsigned certificate from other mines owned by the Addairs; he

4

also challenges the district court's exclusion of a training certificate on the ground of unfair surprise to the Government. We review the district court's admission or exclusion of evidence for an abuse of discretion. See United States v. Patterson, 150 F.3d 382, 387 (4th Cir. 1998). After a thorough review of the parties' briefs and the record on appeal, we find no abuse of discretion in the district court's evidentiary rulings. See id.

Third, Wayne asserts on appeal that the district court erred in enforcing its discovery orders or failing to dismiss Count 5 because the training records seized from the mine had been lost or destroyed by the Government. We review the district court's actions in managing discovery for an abuse of discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). Although Wayne contends that the Government ignored his motions to compel the training records, the record belies his claim. The Government provided the information required by the standard discovery request. Moreover, Wayne's motions to compel did not relate to training certificates. On these facts, the district court did not abuse its discretion in managing discovery. See id.

Fourth, Wayne asserts that the Government engaged in prosecutorial misconduct by eliciting testimony from Jack Bolden, Nathan Adkins, Luther Greenwall, and Donald Faulkner that they received training certificates from Wayne without completing the training. Wayne contends that those witnesses were not required to participate in training because they were employed as supervisors or foremen at the mine. However, Bolden, Adkins, and Faulkner were required to complete the training mandated by the Act. Although Greenwall testified that he worked for the Addairs as a certified foreman, the record does not suggest that the Government engaged in misconduct. See United States v. Ellis, 121 F.3d 908, 927 (4th Cir. 1997), cert. denied, 118 S. Ct. 738 (1998). We therefore find this claim to be without merit.

Finally, Wayne raises numerous sentencing issues. We review the district court's factual determinations for clear error and its legal conclusions de novo. See United States v. Martinez , 136 F.3d 972, 979 (4th Cir.), cert. denied, 118 S. Ct. 2385 (1998).

5

We find that the district court properly used the 1995 version of the sentencing guidelines manual, in fashioning Wayne's sentence. See USSG § 1B1.11(a), (b)(1) (1995); United States v. Heater, 63 F.3d 311, 331 (4th Cir. 1995). Wayne's challenge to the district court's enhancement for more than minimal planning under USSG § 2F1.1(b)(2) fails because it is clear that Wayne repeatedly had miners sign training certificates for which they had received no training. Wayne also contends that the district court's application of enhancements for more than minimal planning and being an organizer or leader under USSG § 3B1.1 constituted "double dipping," but his claim fails because the guidelines do not prohibit the application of both. See United States v. Curtis, 934 F.2d 553, 556 (4th Cir. 1991). Wayne next challenges the district court's application of USSG § 3B1.1 for being a leader or organizer, of USSG § 3B1.3 for abuse of the public trust, and of USSG § 2F1.1(b)(4) for recklessly increasing the risk of serious bodily injury. These claims are foreclosed by this court's decision in United States v. Turner , 102 F.3d 1350, 1359-60 (4th Cir. 1996). Finally, Wayne's contention that the district court ignored provisions of the West Virginia Code in sentencing him clearly is meritless because this is a federal case governed by the sentencing guidelines.

Accordingly, we affirm Darrell's convictions and Wayne's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6